UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NORTHFIELD INSURANCE COMPANY, § <br>     Plaintiff, § <br> § <br> v. § <br> § <br> LEDG CAPITAL, LLC; ASSET LIVING, IP, LLC; § <br> RAINEY PROPERTY MANAGEMENT 2, LLC; § <br> ASHLEY ADAMS; and REVAN ADAMS, § <br> § <br>     Defendants. § | Civil Action No. 1:22-cv-00556 |

## COMPLAINT FOR DECLARATORY RELIEF

COMES NOW, Plaintiff Northfield Insurance Company ("Northfield"), with this its Complaint for Declaratory Judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201-2202, and would respectfully show the Court as follows:

### I.
### PARTIES

1. Plaintiff Northfield is an insurance company organized under the laws of the State of Iowa, maintaining its principal place of business in Hartford, Connecticut. Thus, Northfield is a citizen of the State of Iowa and of the State of Connecticut for the purposes of diversity jurisdiction as defined by 28 U.S.C. § 1332.

2. Defendant LEDG Capital LLC ("LEDG") is a limited liability company organized under the laws of the State of Nevada. Its members, Dmitry Gourkine and Jacob Levy, are residents of the State of Washington. Thus, LEDG is a citizen of the State of Washington for the purposes of diversity jurisdiction as defined by 28 U.S.C. § 1332. LEDG is not a citizen of Iowa or

Connecticut. It may be served through its registered agent, Cogency Global, Inc., 1601 Elm Street, Suite 4360, Dallas, Texas 75201.

3.      Defendant Rainey Property Management 2, LLC ("Rainey") is a limited liability company organized under the laws of the State of Texas. Its sole member, Lauren Lischke, is a resident of the State of Texas. Thus, Rainey is a citizen of Texas for purposes of assessing diversity jurisdiction. Rainey is not a citizen of Iowa or of Connecticut. It may be served through its registered agent, Alexander White, 2500 Fannin Street, Houston, Texas 77002.

4.      Defendant Asset Living, IP, LLC ("Asset Living") is a limited liability company organized under the laws of the State of Texas. Its sole member, Ryan McGrath, is a resident of the state of Texas. Thus, Asset Living is a citizen of Texas for purposes of assessing diversity jurisdiction. Asset Living is not a citizen of Iowa or Connecticut. It may be served through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

5.      Defendant Ashley Adams is a natural person residing in Austin, Travis County, Texas. Thus, Adams is a citizen of Texas for purposes of assessing diversity jurisdiction. Ashley Adams is not a citizen of Iowa or of Connecticut. She may be served at her place of residence, 6409 Springdale Road #128, Austin, Texas 78723, or wheresoever she may be found.

6.      Defendant Revan Adams is a minor child residing in Austin, Travis County, Texas. Thus, Adams is a citizen of Texas for purposes of assessing diversity jurisdiction. Revan Adams is not a citizen of Iowa or of Connecticut. He may be served through his mother, Ashley Adams, at his place of residence, 6409 Springdale Road #128, Austin, Texas 78723, or wheresoever he may be found.

7. Because Northfield is a citizen of the States of Iowa and Connecticut and none of the Defendants in this action are citizens of either the State of Iowa or the State of Connecticut, complete diversity of citizenship exists. *See* 28 U.S.C. § 1332.

## II.
## JURISDICTION AND VENUE

8. This is an action for declaratory relief pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because at least one Defendant is a resident of this District. Further, venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. There exists complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest, attorney's fees, and costs as set forth below.

11. Declaratory relief is proper regarding the subject matter of this action because there is an actual controversy between the parties concerning whether Northfield has a duty to defend and indemnify against the allegations made by the Adamses in an underlying lawsuit, styled *Ashley Adams as next friend of Revan Adams, a minor v. Asset Living IP, LLC and Rainey Property Management 2, LLC*, No. D-1-GN-22-000859 pending in the 455th District Court for Austin County, Texas (the "Underlying Lawsuit"). Under 28 U.S.C. § 2201, this Court has the power to declare the obligations and duties of the parties and to give such other relief as may be necessary.

## IV.
## GENERAL ALLEGATIONS

12. At all times relevant hereto, "LEDG Capital LLC" was the named insured under a Commercial Insurance Policy issued by Northfield, policy number WH010441, with an effective period of October 1, 2021 to October 1, 2022 (the "Policy"). A certified copy of the Policy is attached hereto and incorporated herein as **Exhibit A.**

13. On or about February 18, 2022, Ashley Adams filed the Underlying Lawsuit in the 455th Judicial District Court for Travis County, Texas. *See* Original Petition (the "Petition") attached hereto as **Exhibit B**.

14. The Underlying Lawsuit arises from a purported firework accident that occurred on or around December 31, 2021 or January 1, 2022. Revan Adams was allegedly injured when someone shot a firework, striking Revan Adams in his eye. Exhibit B.

15. In the Underlying Lawsuit, the Adamses claim that Asset Living was the owner of the apartment complex where the purported accident occurred and that Rainey was the property manager thereof. Exhibit B.

16. In the Underlying Lawsuit, the Adamses claim that Asset Living and Rainey breached a duty owed to Revan Adams by failing to warn that fireworks may be used by other residents on New Year's Eve. They further claim that Asset Living and Rainey failed to provide security to stop the use of fireworks on the property. *Id.*

17. Alternatively, in the Underlying Lawsuit, the Adamses claim that Asset Living and Rainey were negligent in failing to post signs warning about the likelihood of firework usage on New Years' Eve, by failing to provide security, and/or by failing to call the police as soon as firework usage began on the property. *Id.*

18. The Petition seeks recovery for Revan Adams' actual damages, exemplary damages, court costs, and interest. *Id.*

19. Rainey and Asset Living tendered a copy of the Original Petition in the Underlying Lawsuit to Mt. Hawley seeking a defense. For the reasons set forth below, Northfield communicated to them that no coverage existed under the Policy.

## V.
## RELEVANT POLICY PROVISIONS

20. The Policy is subject to a Fireworks or Pyrotechnics Exclusion Endorsement, which provides in relevant part as follows:

**EXCLUSION – FIREWORKS OR PYROTECHNICS**

. . .

1. The following exclusion is added to Paragraph **2., Exclusions,** of **SECTION I – COVERAGES – COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY:**

   **Fireworks or Pyrotechnics**

   "Bodily injury" or "property damage" arising out of the ownership, maintenance, handling, storage, distribution, sale, or use of fireworks, flash-powder or explosive compositions.

See Exhibit A.

21. There are additional provisions of the Policy which may be relevant to the determination of coverage that Northfield incorporates here by reference. Northfield does not waive the right to assert additional grounds for the denial of coverage as more facts are developed.

22. The Policy does not provide coverage for any claims asserted because policy provisions including, but not limited to, the Fireworks or Pyrotechnics Exclusion operate to preclude coverage entirely.

## VI.
## CLAIM FOR RELIEF – DECLARATORY JUDGMENT

23. Northfield realleges and incorporates by reference the allegations above.

24. By virtue of the foregoing, there exists an actual and justiciable controversy between the parties.

25. No coverage exists for the claims brought in the Underlying Lawsuit because those allegations fall within one or more of exclusions, including but not limited to the Fireworks or Pyrotechnics Exclusion and the Punitive Damages Exclusion.

26. For the reasons set forth above, Mt. Hawley seeks a declaration that it has no duty to defend or indemnify Rainey or Asset Living for any of the claims asserted in the Underlying Lawsuit.

27. All conditions precedent to the filing and maintenance of this action and for the relief requested have occurred or have been performed.

## VII.
## JURY DEMAND

28. Plaintiff requests that this civil action be tried before a jury.

WHEREFORE, Plaintiff Northfield Insurance Company prays that this Court enter judgment finding and declaring the rights of the parties as follows: That there is no coverage under the Policy for the claims pursued in the Underlying Lawsuit and that Northfield has no duty to defend or indemnify in connection with the Underlying Lawsuit.

NORTHFIELD INSURANCE COMPANY further prays for such other and further relief as is deemed just and fit under the circumstances.

Dated:  June 8, 2022

                                             Respectfully submitted,

                                              */s/ Greg K. Winslett*
                                             Greg K. Winslett
                                             Texas Bar No. 21781900
                                             J. Collin Spring
                                             Texas Bar No. 24118989
                                             **QUILLING, SELANDER, LOWNDS,**
                                             **WINSLETT & MOSER, P.C.**
                                             2001 Bryan Street, Suite 1800
                                             Dallas, Texas 75201
                                             (214) 871-2100
                                             (214) 871-2111 (Fax)
                                             gwinslett@qslwm.com
                                             jspring@qslwm.com

                                             **ATTORNEYS FOR**
                                             **NORTHFIELD INSURANCE COMPANY**